## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SMOOT CONSTRUCTION OF**
**WASHINGTON, D.C.,**

        **Plaintiff,**

     **v.**

       **Civil Action 2:22-cv-1707**
       **Judge Michael H. Watson**
       **Magistrate Judge Chelsey M. Vascura**

**THE SMOOT CORPORATION,** *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Amended Motion to Quash Subpoena (ECF No. 68). Therein, Defendants seek to quash a subpoena served on an insurance company issuing policies of life insurance to two shareholders of Defendants, seeking information regarding the insureds, beneficiaries, and balance statements of the policies and any communications between the insurer and the insureds or beneficiaries. (Subpoena, ECF No. 66.) Defendants contend that this information lacks any relevance to the claims or defenses in this action. (Defs.' Mot. 1, ECF No. 68.)

In opposition, Plaintiff asserts that Defendants lack standing to object to subpoenas directed to third parties, and that, even if Defendants had standing, the documents sought are relevant to Plaintiff's Count III (Breach of Administrative Services Agreement and Imposition of Constructive Trust). (Pl's Mem. in Opp'n, ECF No. 69) (citing Compl. ¶¶ 29–32, ECF No. 1.)

The undersigned acknowledges that courts in this District and Circuit have often held that parties lack standing to object to subpoenas issued to third parties absent "some sort of personal right or privilege." *See Hackmann v. Auto Owners Ins. Co.*, No. CIV.A. 2:05-CV-876, 2009 WL

330314, at *1 (S.D. Ohio Feb. 6, 2009). *See also*, *e.g.*, *Mann v. Univ. of Cincinnati*, 1997 WL 280188, *4 (6th Cir. 1997) (citing 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995) and noting that "ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought"); *Schaumleffel v. Muskingum Univ.*, No. 2:17-CV-463, 2019 WL 3071851, at *3 (S.D. Ohio July 15, 2019) ("The law is clear that only Muskingum, the entity responding to the subpoena, has standing to argue undue burden or relevance."); *Myers v. Bricklayers & Masons Loc. 22 Pension Plan*, No. 3:13-CV-75, 2013 WL 12130290, at *1 (S.D. Ohio Nov. 25, 2013) ("Regardless of whether the requested documents are relevant to Plaintiffs' claims, Plaintiffs have no standing to challenge a subpoena that has been issued to a nonparty."). However, none of this case law is binding on this Court, and the undersigned is not persuaded by its reasoning.

Although Defendants, both corporate entities, may not have a "personal right or privilege" in the business records of the insurer in question, Defendants have a personal interest in the time and resources required to review and analyze what they contend are entirely irrelevant documents. Defendants therefore have standing to seek a protective order preventing the insurer from responding to the subpoena under Federal Rule of Civil Procedure 26 "to protect [Defendants] from . . . undue burden or expense." Fed. R. Civ. P. 26(c); *see also*, *e.g.*, *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 306 (S.D. Ind. 2016) (finding that a party had "sufficient legitimate interests of its own" with respect to challenged subpoenas because, if the subpoenas were enforced, the party would need to expend employee and attorney time and effort to review the requested documents and prepare for depositions); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("To the extent

that Defendants would be required to incur third party discovery costs that rise to the level of an undue burden for Defendants, Defendants have standing to quash on those grounds."); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (deeming a party's motion to quash under Rule 45, when the party asserted no privilege, proprietary interest, or personal right to the information sought, as a motion for protective order under Rule 26(c)); *Jackson v. Gogel*, No. CIV.A. 15-35-DLB, 2015 WL 3458946, at *1 (E.D. Ky. Apr. 22, 2015), ("[a] subpoena imposes an undue burden on a party when [it] is overbroad") (quoting *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012)); *Whiting v. Trew*, No. 3:20-cv-54, 2020 WL 6468131, at *7-10 (E.D. Tenn. Nov. 3, 2020) (analyzing whether subpoena exceeded the proper scope of discovery under Rule 26(c)). The undersigned will therefore address Defendants' relevance arguments under Rule 26.

Rule 26 limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). In exercising that discretion, the Federal Rules of Civil Procedure "encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26, Advisory Committee Notes to the 2015 Amendment. As the requesting party, Plaintiff must establish the relevance of the documents sought by the subpoena. *See Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (quoting *Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 552 n. 1 (S.D. Ind. 1999)).

Here, Plaintiff asserts that the requested documents are relevant to Count III of its Complaint, in which it alleges that Defendant The Smoot Corporation improperly charged Plaintiff $584,388 for bonuses that were paid to Lewis Smoot Sr., and that those bonuses were used to purchase life insurance policies on his life having a total face value of $7,000,000. (Compl. ¶¶ 29–30, ECF No. 1.) Plaintiff contends that Defendants' "use of funds of [Plaintiff] to pay the bonuses to Lewis Smoot, Sr. breached the [Administrative Services Agreement]" between Plaintiff and Defendant The Smoot Corporation. (*Id.* at ¶ 31.) Plaintiff further contends that, as a result of this breach, Plaintiff "is entitled to imposition of a constructive trust upon the Life Insurance Policies, their cash value and benefits until reimbursed." (*Id.* at ¶ 32.)

Defendants, however, dispute that the documents sought—including identification of beneficiaries, communications with beneficiaries, and account and balance statements—are necessary to prove or disprove Plaintiff's claim that The Smoot Corporation improperly charged Plaintiff for the $584,388 in bonuses. (Reply 1, ECF No. 70.) Defendants further contend that a constructive trust is not an available remedy for breach of contract. (*Id.* at 1 n.1.) Without expressing an opinion on the merits of Plaintiff's Count III, the undersigned is inclined to agree that the information sought in the subpoena does not appear relevant to whether The Smoot Corporation properly charged Plaintiff for the bonuses. Whether the bonus charges to Plaintiff were permissible under the Administrative Services Agreement will be determined by the terms of that Agreement, not the terms of any life insurance policies that might have been purchased with the proceeds.

For the foregoing reasons, Defendants' Amended Motion to Quash Subpoena (ECF No. 68) is **GRANTED**. Defendants' prior motions directed to the same or related subpoenas (ECF Nos. 64, 67) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE